**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| PHILIP GIUSTO, an individual, | ) | |
| d/b/a PJG & Associates, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| THE GIUSTO–PAPE PARTNERSHIP, | ) | |
| a general partnership, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:   4:15-cv-842 |
| | ) | |
| DALE PAPE, an individual, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COME NOW Plaintiffs, Philip Giusto ("Giusto") and The Giusto-Pape Partnership (the "Partnership"), by and through their undersigned attorneys, and for their Complaint against Defendant Dale Pape ("Pape"), herein state as follows:

### THE PARTIES AND RELATED ENTITIES AND PERSONS

#### *Plaintiff Philip Giusto*

1.      Philip J. Giusto ("Giusto") is an individual who resides at 301 Old Leasburg Road, Leasburg, Missouri 65535.

#### *PJG & Associates*

2.      PJG & Associates ("PJGA") is a fictitious name for Giusto, registered in the State of Missouri in association with Giusto's online art gallery.

#### *Plaintiff The Giusto-Pape Partnership (the "Partnership")*

3.     The "Partnership" is a general partnership that was formed on or about March 30, 2012, between Giusto and Pape, having a first principal place of business at 301 Old Leasburg Road, Leasburg, Missouri 65535, and a second principle place of business at N-1881 U.S. 41, Menominee, Michigan 49858.

**Defendant Dale Pape**

4.     Pape is an individual, who upon information and belief, resides at N-1881 U.S. 41, Menominee, Michigan 49858.

**Diane Dulak**

5.     Dulak is an individual, who upon information and belief, is the wife of Pape and who also resides at N-1881 U.S. 41, Menominee, Michigan 49858.

## JURISDICTION AND VENUE

6.     This Court has original subject matter jurisdiction over all Counts pursuant to diversity of citizenship under 28 U.S.C. §1332(a).  The amount in controversy for each Count exceeds $75,000.

7.     Venue is proper in the Eastern District of Missouri Eastern Division under 28 U.S.C. §§ 1391(b) and (c) and pursuant to local rules in that a substantial part of the events giving rise to the claims occurred in this judicial district and the Defendant is subject to personal jurisdiction in this judicial district.

## GENERAL ALLEGATIONS

8.     Plaintiffs reallege and incorporate by reference all of the allegations of paragraphs 1-7 above, inclusive, as if set forth fully herein.

2

*Relationships Among the Parties and Related Parties*

9.    From in or about 2006 through the present, Giusto owned and operated, and since that time continues to own and operate, PJGA, as an online retail art store.

10.    From in or about 2006 through mid-late 2012, Giusto owned and operated, and since that time continues to own and operate, PJGA's Internet website at www.pgiusto.homestead.com, on which Giusto marketed, advertised and sold various works of art through PJGA (the "PJGA Website") (Copies of representative webpages from the PJGA Website are collectively attached hereto as Exhibit A, and incorporated by reference herein).

11.    In or about mid-2011, Giusto first met Pape, when Pape approached Giusto through PJGA, to offer Giusto the opportunity to purchase certain works of art then owned by Pape, which works Giusto purchased from Pape.

12.    For all times relevant herein, at the direction of Pape all email communications between Pape and Giusto were channeled through Dulak's email account.

13.    From in or about mid-2011 up to about March 30, 2012, Giusto and Pape maintained a business relationship in which Pape agreed to an exclusive arrangement with Giusto to advertise, market and sell certain works of art for Pape through PJGA on the PGJA Website, including the following works:

a.    White Clown - Small Pierrot by Pablo Picasso (the "Picasso Piece");
b.    Meditation by Reynolds;
c.    The Court Yard by Charot;
d.    Prince Albert King of Handover Queen Victoria by Sarnoy; and
e.    Clipper Ship by Jackson.

14.    Pape agreed to pay Giusto a commission of 50% on all profits made on the sale of each of the works of art sold by Giusto under this arrangement.  However, none of the works were sold prior to March 30, 2012, the date of formation of the Partnership.

3

*The Giusto-Pape Partnership Formation and Partnership Agreement*

15.     Based upon ongoing discussions by and between Pape and Giusto, and at Pape's urging to Giusto, on or about March 30, 2012, Giusto and Pape agreed to and did form the Partnership in order to collectively locate, investigate, purchase, advertise and resell works of art, the Partnership initially having the following terms:

a.      Giusto and Pape would both search for, locate, investigate and acquire for the Partnership what was hoped to be undervalued artwork for sale;

b.      The Partnership would acquire such undervalued artwork as mutually agreed upon by Giusto and Pape;

c.      Giusto and Pape would research, determine and mutually agree upon the lineage and true value of each piece of artwork acquired by the Partnership, and thereafter collectively market and resell the artwork for the Partnership at a price mutually agreed upon by Giusto and Pape;

d.      Giusto would advertise and offer for sale the artwork acquired by the Partnership on the PJGA Website;

e.      Giusto and Pape would sell the artwork acquired by the Partnership and ship the artwork to the buyers with shipping costs covered by the buyers;

f.      Giusto and Pape would periodically invest funds and other assets into the Partnership, particularly when funding was needed to acquire a work of art for the Partnership;

g.      Pape would receive 60-75% of all profits generated by the Partnership for the sale of each work of art, as determined by the sale price of each such work; and

4

      h.      Giusto would receive 25-40% of all profits generated by the Partnership for the sale of each work of art, as determined by the sale price of each such work.

      (collectively, the "Partnership Agreement")

(*See* March 30, 2012, email from Pape to Giusto memorializing the formation of the Partnership and outlining certain terms of the Partnership Agreement, a copy of which email is attached hereto as <u>Exhibit B</u>, and incorporated by reference herein).

16.      The original term of the Partnership was one to five years, which could be extended by mutual agreement of Giusto and Pape.  (*See* <u>Exh.B</u>).

17.      On or about April 22, 2012, Pape and Giusto amended their Partnership Agreement such that:

      a.      Giusto would receive 50% of all profits generated by the Partnership; and

      b.      Pape would receive 50% of all profits generated by the Partnership.

(*See* April 22, 2012, email from Pape to Giusto memorializing this change in the Partnership Agreement, a copy of which email is attached hereto as <u>Exhibit C</u>, and incorporated by reference herein).

### Operation of the Partnership

18.      Pursuant to the Partnership Agreement, on or about June 24-25, 2012, Giusto reimbursed Pape in full for the purchase of the White Clown Small Pierrot by Pablo Picasso work of art (the "Picasso Piece") acquired by Pape such that said work of art became a Partnership asset funded by Giusto.

19.      Further pursuant to the Partnership Agreement, for all times relevant herein, the partners Pape and Giusto jointly and collectively:

a.      investigated numerous works of art identified by either Pape or Giusto for potential acquisition by the Partnership;

b.      communicated with each other concerning each work of art identified by either Pape or Giusto for potential acquisition by the Partnership, including discussions of the source, availability, authenticity, condition, asking price and potential purchase price, for each such work of art; and

c.      purchased numerous works of art on behalf of the Partnership for marketing and resale of the artwork.

(Copies of representative email communications between Pape and Giusto showing the course of conduct by and between Pape and Giusto in furtherance of the Partnership's business are collectively attached hereto as Exhibit D, and incorporated by reference herein).

20.     Pursuant to the Partnership Agreement, after March 30, 2012, the following works of art were identified by either Pape or Giusto, paid for by either Pape and/or Giusto on behalf of the Partnership, and thereby acquired by the Partnership as Partnership assets in due course of the Partnership business, or were contributed by Pape to the Partnership as Partnership assets:

a.      White Clown - Small Pierrot by Pablo Picasso (the "Picasso Piece");
b.      Countessa Spencer and Lord Anthrop by Reynolds;
c.      Lady at the Piano by Renoir;
d.      Table of Oranges by Jones;
e.      King on his Horse by Unknown;
f.      Lighthouse by Columbo;
g.      Arab Man by Van Ens;
h.      Roses and Vase by Juanita;
i.      Lovers by Rockwell;
j.      Mediterranean Coastline by Berte;
k.      Prince Albert King of Handover Queen Victoria by Sarnoy;
l.      Clipper Ship by Jackson; and
m.      Laguna Beach by Glen.

6

n.      Meditation by Reynolds;
o.      The Court Yard by Charot;
p.      Venice by Eastham;
q.      Lady in Red by Winterbottom;
r.      The Milkmaid by Vermeer;
s.      Spanish Court Yard by Unknown;
t.      The American Cup by Lane;
u.      Brick in Canale Den Grande by Boucart;
v.      The Adriatic 1856 by Bourns;
w.      Grandpa's Love by Curley;
x.      First Ride by Currier and Ives;
y.      Two Ladies at the Drawing Board by Taylor;
z.      Sonata by Freeman;
aa.      Landscape by Unknown;
bb.      European Picnic by Unknown;
cc.      Beauty of Women by Vinciata;
dd.      Our Last Stay by Mersino;
ee.      Hailing the Ferryman by Knight;
ff.      Anthony's Landscape by Anthony;
gg.      Landscape Scene by Wyrick;
hh.      A Young Girl is Being Offered by Pears;
ii.      The Reflective Pond by Forbes;
jj.      Breakfast "Let's Hunt Chicken" by Bennett;
kk.      Inner Peace by Ruffin;
ll.      Lady at the Piano by A. Renoir;
mm.      European Scenic Landscape by Unknown;
nn.      La Madonna Della Seggiola by Sanzio;
oo.      Little Irene by A. Renoir;
pp.      Wood Ducks by Roberts;
qq.      Landscape by Ryerson;
rr.      Winter Scene by Erwin;
ss.      Patience by MacLeod;
tt.      Fruit on the Table by Muller; and
uu.      Holy Supper of Jesus by Unknown.

(All of the above listed works of art a-uu are collectively referred to hereinafter as the "Partnership Artwork").

21.    Shortly after forming the Partnership, Giusto was experiencing difficulties in placing the Partnership Artwork on the PJGA Website, and Pape and Giusto discussed and mutually agreed on behalf of the Partnership that Giusto should update and modify the PJGA

Website to better serve the Partnership.  (Copies of representative email communications between Pape and Giusto discussing such website efforts by Giusto in furtherance of the Partnership's business are collectively attached hereto as Exhibit E, and incorporated by reference herein).

22.     Shortly thereafter, and pursuant to the agreement of partners Pape and Giusto, Giusto invested substantial effort and expended approximately $3,300 in reconstruction of and updates to the PJGA Website on behalf of the Partnership, which resulted in Giusto's creation of an improved Internet website at www.pjgandassociates.com, for the marketing, advertising and sale of various works of art through PJGA (the "Updated PJGA Website").

23.     During the process of creating the Updated PJGA Website, Pape reviewed and provided Giusto with input regarding the website as part of his participation in the Partnership.

24.     Giusto transitioned the operation of the PJGA Website onto the Updated PJGA Website.  (Copies of representative webpages from the Updated PJGA Website are collectively attached hereto as Exhibit F, and incorporated by reference herein).

25.     From mid-late 2012 and through all times relevant thereafter, Giusto owned and operated, and continues to own and operate the Updated PJGA Website.

26.     From or about March 30, 2012 to the present, Giusto on behalf of the Partnership placed each of the works of art acquired for the Partnership by Pape and/or Giusto on the PJGA Website and the Updated PJGA Website for marketing and sale of the artwork.  (By way of example and pursuant to the Partnership Agreement, representative webpages from the Updated PJGA Website showing works acquired for the Partnership are collectively attached hereto as Exhibit G, and incorporated by reference herein).

27.     As part of the Partnership operation after March 30, 2012, Giusto paid to Pape the entire purchase price paid by Pape for all of the works of art a.-j. of the Partnership Artwork ("Giusto's Artwork Payments"), with the understanding that Pape would reimburse Giusto for half of the cost of Giusto's Artwork Payments such that Pape and Giusto would contribute equal amounts as joint contributions for the works of art a.-j. of the Partnership Artwork - but Pape has failed to reimburse Giusto as he agreed.  (*See* copies of representative emails between Giusto and Pape confirming Pape's agreement to reimburse Giusto for half of the payments, are collectively attached hereto as Exhibit H, and incorporated by reference herein).

28.     Acknowledging that he was not contributing an equal share into the Partnership as compared to Giusto, Pape - as part of his participation and financial investment in the Partnership after March 30, 2012 - contributed all of the works of art k.-uu. to the Partnership as Partnership contributions without any expectation of whole or partial reimbursement of Pape's purchase costs by Giusto or the Partnership.

29.     As part of the Partnership operation after March 30, 2012, and as part of his participation in the Partnership, Pape provided Giusto with all of the images of the Partnership Artwork and collaborated with Giusto to create the descriptions for each work of the Partnership Artwork for presentation on the PJGA Website.

30.     At Pape's insistence, Giusto agreed to allow Pape to store on behalf of the Partnership the artwork acquired for the Partnership, and agreed to such storage at Pape's marital residence of N-1881 U.S. 41, Menominee, Michigan 49858 - which marital residence upon information and belief is owned jointly by Pape and his wife, Dulak.  (*See* copies of representative emails between Pape and Giusto collectively attached hereto as Exhibit I, and incorporated by reference herein).

31.     In or about March or April 2013, Giusto, with the approval of Pape, personally paid approximately $500 to Shelby Witt Photography on behalf of the Partnership for professional photography of the Picasso Piece in order to effectively show the piece to the Picasso Estate for possible authentication.

32.     Giusto and Pape agreed that the payment to Shelby Witt Photography was to be a joint contribution by Giusto and Pape, and Pape agreed to reimburse Giusto for half of the payment.  (*See* copy of representative emails between Giusto, Witt Photography and Pape concerning Giusto's use of Witt Photography for the Partnership, are collectively attached hereto as Exhibit J, and incorporated by reference herein).


### *Authentication of the Picasso Piece*

33.     Pape and Giusto believe the White Clown Small Pierrot by Pablo Picasso to be a forgotten yet genuine Picasso piece.  (*See* copies of representative emails between Pape and Giusto discussing the potential authenticity of the Picasso Piece are collectively attached hereto as Exhibit K, and incorporated by reference herein).

34.     Pursuant to the terms of the Partnership Agreement, Giusto initiated and performed substantial efforts to ascertain and confirm the authenticity of the Picasso Piece through, *inter alia*, research of the history of the Picasso Piece and direct communications with the Picasso Estate, and Giusto is continuing in such efforts.  (Copies of representative emails between Giusto and the Picasso Estate regarding the Picasso Piece are collectively attached hereto as Exhibit L, and incorporated by reference herein).

### *The Defendants' Malfeasance*

35.     Despite ongoing Partnership business activities, in or about August and September of 2014, for a period of over a month, Pape ceased communicating with Giusto.

36.     Concerned by his partner's silence, in or about September 2014, Giusto attempted to contact Pape by telephone, email and letter to inquire as to Pape's recent silence.  (Copies of representative emails are collectively attached hereto as Exhibit M, and incorporated by reference herein).

37.     Having received no response from Pape and being concerned over the status and disposition of the Partnership assets, Giusto sent a pair of letters to Pape demanding an accounting of Partnership transactions and assets.  (Copies of said letters are collectively attached hereto as Exhibit N, and incorporated by reference herein).

38.     Apparently in response to Giusto's demand for an accounting, on or about September 24-28, 2014, Giusto received a series of cell phone text messages originating from Dulak's cell phone number, asserting in a rambling and somewhat incoherent manner, *inter alia*, that Pape was ill, that some of the Partnership artwork was stolen and that other Partnership artwork was sold to pay personal bills, and that the Partnership no longer existed.  The text messages also indicated that the remaining Partnership artwork may not be located at the Pape-Dulak marital residence, and threatened legal action against Giusto if he did not stop attempting to communicate with Pape.

39.     As of the date of filing this Complaint, Giusto has received no response to the demand for accounting and has received no other communications from Pape.

## COUNT I – DEMAND FOR ACCOUNTING AND COURT-DIRECTED DISSOLUTION AND WINDING-UP OF THE PARTNERSHIP

40.     Plaintiffs reallege and incorporate by reference all of the allegations of paragraphs 1-39 above, inclusive, as if set forth fully herein.

41.     Giusto and the Partnership are entitled to a full and complete accounting by Pape of all Partnership assets, including without limitation all of the Partnership Artwork.

42.     The Partnership and Giusto have demanded that Pape account for the Partnership Artwork.

43.     Pape has refused to provide an accounting of the Partnership Artwork, has claimed ownership and possession of the Partnership Artwork in opposition to the rights of Giusto and the Partnership, and has appropriated the Partnership Artwork for his own personal use.

44.     Pape's actions as stated herein have irreparably damaged the Partnership such that Giusto is entitled to seek dissolution and winding-up of the Partnership through no fault of Giusto.

45.     Pape's communications to Giusto establish Pape's refusal to cooperate with Giusto to properly account for all of the Partnership assets and to conduct a proper winding up of the Partnership.

46.     As a direct and proximate cause and result of Pape's tortious acts as described herein, Giusto and the Partnership have both been damaged and will continue to be damaged and irreparably harmed unless this Court: (i) decrees that all of the Partnership Artwork constitute assets belonging to the Partnership; (ii) enjoins Pape from selling, assigning, donating, or otherwise transferring in any way any rights whatsoever in any of the Partnership Artwork; (iii)

orders Pape to provide Giusto and the Partnership a full and complete accounting of all of the Partnership assets, including without limitation all of the Partnership Artwork; (iv) orders Pape to recover any and all Partnership Artwork he may have sold, assigned, donated or otherwise transferred to any other person or entity whatsoever; (v) orders Pape to return all of the Partnership Artwork to the possession of the Giusto on behalf of the Partnership; and (vi) orders a winding up of the Partnership and its assets consistent with fundamental principles of justice, equity and good conscience.

## COUNT II – BREACH OF FIDUCIARY DUTIES

47.     Plaintiffs reallege and incorporate by reference all of the allegations of paragraphs 1-39 above, inclusive, as if set forth fully herein.

48.     For all times relevant herein, Pape owed, and continued to owe, to Giusto and to the Partnership a fiduciary duty of exercising the upmost good faith, honesty and fairness in all his dealings arising from and in association with the operation of the Partnership and in all of his dealings with Giusto.

49.     Pape breached his fiduciary duties owed to Giusto and to the Partnership by self-dealing and/or otherwise acting in bad faith, dishonestly and/or unfairly in declaring possession and ownership of the Partnership Artwork, all without Giusto's or the Partnership's agreement, authorization or consent and without fairly compensating Giusto or the Partnership for such Partnership Artwork.

50.     Giusto and the Partnership have both been damaged as a result of Pape's breaches of his fiduciary duties and are therefore entitled to a monetary recovery from Pape in an amount to adequately compensate each for Pape's breaches.

51. Pape's breaches of his fiduciary duties owed to Giusto and the Partnership has been willful and deliberate, ongoing, and without regard for Giusto's or the Partnership's rights, justifying the award of punitive damages.

52. Giusto and the Partnership have no adequate remedy at law.

53. As a direct and proximate cause and result of Pape's breaches of his fiduciary duties, Giusto and the Partnership have both been damaged and will continue to be damaged and irreparably harmed unless this Court: (i) decrees that all of the Partnership Artwork constitute assets belonging to the Partnership; (ii) enjoins Pape from selling, assigning, donating, or otherwise transferring in any way any rights whatsoever in any of the Partnership Artwork; (iii) orders Pape to provide Giusto and the Partnership a full and complete accounting of all of the Partnership assets, including without limitation all of the Partnership Artwork; (iv) orders Pape to recover any and all Partnership Artwork he may have sold, assigned, donated or otherwise transferred to any other person or entity whatsoever; and (v) orders Pape to return all of the Partnership Artwork to the possession of the Giusto on behalf of the Partnership.

## COUNT III – CONVERSION

54. Plaintiffs reallege and incorporate by reference all of the allegations of paragraphs 1-39 above, inclusive, as if set forth fully herein.

55. For all times relevant herein, the Partnership was the exclusive owner of and had the exclusive right to possession of all of the Partnership Artwork.

56. The Partnership and Giusto have demanded that Pape account for the Partnership Artwork.

57.     Pape has refused to provide an accounting of the Partnership Artwork, has claimed ownership and possession of the Partnership Artwork in opposition to the rights of Giusto and the Partnership, and has appropriated the Partnership Artwork for his own personal use.

58.     As a direct and proximate cause and result of Pape's conversion of the Partnership Artwork, Giusto and the Partnership have been damaged and are therefore entitled to monetary relief from Pape in an amount sufficient for the Partnership and Giusto to recover all their losses.

59.     Further, the Partnership and Giusto have no adequate remedy at law.

60.     As a direct and proximate cause and result of Pape's conversion of the Partnership Artwork, Giusto and the Partnership have both been damaged and will continue to be damaged and irreparably harmed unless this Court: (i) decrees that all of the Partnership Artwork constitute assets belonging to the Partnership; (ii) enjoins Pape from selling, assigning, donating, or otherwise transferring in any way any rights whatsoever in any of the Partnership Artwork; (iii) orders Pape to provide Giusto and the Partnership a full and complete accounting of all of the Partnership assets, including without limitation all of the Partnership Artwork; (iv) orders Pape to recover any and all Partnership Artwork he may have sold, assigned, donated or otherwise transferred to any other person or entity whatsoever; and (v) orders Pape to return all of the Partnership Artwork to the possession of the Giusto on behalf of the Partnership.

## COUNT IV – EQUITABLE LIEN

61.     Plaintiffs reallege and incorporate by reference all of the allegations of paragraphs 1-39 above, inclusive, as if set forth fully herein.

62.     Pape owed a duty to Giusto and to the Partnership to hold the Partnership Artwork for the benefit of the Partnership and by extension, Giusto.

63.     Pape has asserted that he is the rightful owner of the Partnership Artwork and not the Partnership or Giusto, and has indicated that he may be selling the Partnership Artwork for his own personal benefit without any payment to the Partnership or Giusto, all in violation of the Partnership Agreement and his assurances to Giusto.

64.     Pape's retention of the Partnership Artwork and the full proceeds from the sale of any one or more works of art of the Partnership Artwork violates the fundamental principles of justice, equity and good conscience.

65.     Giusto and the Partnership are therefore entitled to an equitable lien on all of the Partnership Artwork against any and all amounts received by Pape or for the benefit of Pape for the sale or transfer of any kind whatsoever of any one or more works of art of the Partnership Artwork, in an amount consistent with fundamental principles of justice, equity and good conscience, but in no event less than one half of the sale price less purchase price for the sale of each work or art in the Partnership Artwork, all at the pricing listed on the Updated PJGA Website.


**COUNT V – CONSTRUCTIVE TRUST**

66.     Plaintiffs reallege and incorporate by reference all of the allegations of paragraphs 1-39 above, inclusive, as if set forth fully herein.

67.     The Partnership Artwork is the sole and exclusive property of the Partnership, to which Pape had and has no right to assert personal ownership or possession.

16

68.     Pape owed a duty to Giusto and to the Partnership to hold the Partnership Artwork for the benefit of the Partnership and by extension, Giusto.

69.     Pape has asserted that he is the rightful owner of the Partnership Artwork and not the Partnership or Giusto, and has indicated that he may be selling the Partnership Artwork for his own personal benefit without any payment to the Partnership or Giusto, all in violation of the Partnership Agreement and his assurances to Giusto.

70.     Pape's retention of the Partnership Artwork violates the fundamental principles of justice, equity and good conscience.

71.     Giusto and the Partnership are therefore entitled to have a constructive trust imposed upon Pape for all of the Partnership Artwork for the benefit of the Partnership and Giusto.

72.     Giusto and the Partnership have been damaged as a result of Pape's misappropriation of the Partnership Artwork and will continue to be damaged and irreparably harmed unless, in addition to imposing a constructive trust on all the Partnership Artwork to the benefit of the Partnership and Giusto, this Court: (i) decrees that all of the Partnership Artwork constitute assets belonging in half to Giusto; (ii) enjoins Pape from selling, assigning, donating, or otherwise transferring in any way any rights whatsoever in any of the Partnership Artwork; (iii) orders Pape to provide Giusto a full and complete accounting of all of the Partnership Artwork; (iv) orders Pape to recover any and all Partnership Artwork he may have sold, assigned, donated or otherwise transferred to any other person or entity whatsoever; and (v) orders Pape to return all of the Partnership Artwork to the possession of the Giusto for sale.

### COUNT VI – FRAUD

73.     Plaintiffs reallege and incorporate by reference all of the allegations of paragraphs 1-3 above, inclusive, as if set forth fully herein.

74.     Pape represented to Giusto that Pape would and did enter the Partnership with Giusto pursuant to the terms of the Partnership Agreement.

75.     To the extent that Pape disavows the existence of the Partnership and/or the Partnership Agreement and claims ownership of the Partnership Artwork for Pape's own uses, Pape's representations were false, or, at a minimum, Pape was ignorant of the truth of his representations, as he merely made the representations to entice Giusto to pay for works of art procured by Pape, to gain the benefit of Giusto's expertise in the field for free, and to provide Pape with free advertising for Pape to sell those works of art procured by Pape, so that Pape alone would gain the benefit of the sale of the Partnership Artwork.

76.     Pape's representation was material to entice Giusto into entering the purported Partnership with Pape.

77.      Pape was fully aware of the falsity of his representations to Giusto concerning the formation of the Partnership and his agreement to the terms of the Partnership Agreement.

78.     Pape intended that Giusto would act on his false representation so that Giusto would pay for works of art procured by Pape ostensibly for the Partnership, provide Pape with Giusto's expertise in the field for free, and provide Pape with free advertising for Pape to sell those works of art procured by Pape.

79.     Giusto was unaware of the falsity of Pape's representations.

80.     Giusto relied upon Pape's representations as being true in entering the Partnership with Pape, in performing his obligations to the Partnership under the Partnership Agreement, and

in providing funding to Pape for Partnership activities for which Pape promised to reimburse Giusto for Pape's half of such funding.

81.     Giusto had the right to rely upon Pape's representations, as for example, Giusto and Pape had a special and confidential relationship.

82.     As a direct and proximate cause and result of Pape's fraud, Giusto was harmed by, for example, being excluded from ownership in and control of the Partnership Artwork, being excluded from the profits to be earned from the sale of the Partnership Artwork, being deprived of just compensation for the benefits he conferred to the Partnership, and being deprived of reimbursement from Pape in half or in whole for the substantial monies provided to Pape ostensibly as part of the operation of the Partnership.

83.     Giusto is therefore entitled to monetary relief from Pape in an amount sufficient for Giusto to recover all his losses.

84.     Further, Giusto has no adequate remedy at law.

85.     Giusto has been damaged as a result of Pape's fraud and will continue to be damaged and irreparably harmed unless this Court: (i) decrees that all of the Partnership Artwork constitute assets belonging in half to Giusto; (ii) enjoins Pape from selling, assigning, donating, or otherwise transferring in any way any rights whatsoever in any of the Partnership Artwork; (iii) orders Pape to provide Giusto a full and complete accounting of all of the Partnership Artwork; (iv) orders Pape to recover any and all Partnership Artwork he may have sold, assigned, donated or otherwise transferred to any other person or entity whatsoever; and (v) orders Pape to return all of the Partnership Artwork to the possession of the Giusto for sale.

19

## COUNT VII – UNJUST ENRICHMENT

86.     Plaintiffs reallege and incorporate by reference all of the allegations of paragraphs 1-39 above, inclusive, as if set forth fully herein.

87.     Pape has been unjustly enriched with substantial benefits from the improper assumption of ownership and possible sale or other disposition, without the authorization or consent of Giusto or the Partnership, of the Partnership assets, including without limitation the Partnership Artwork, all to the substantial detriment of Giusto and the Partnership.

88.     Neither Giusto nor the Partnership has received any payment of any kind from Pape for Pape's improper assumption of ownership and possible sale or other disposition of the Partnership assets, including without limitation the Partnership Artwork.

89.     Pape's retention of such benefits violates the fundamental principles of justice, equity and good conscience.

90.     Pape's unjust enrichment has been substantial and is ongoing.

91.     Giusto and the Partnership are therefore entitled to a monetary recovery from Pape in an amount consistent with fundamental principles of justice, equity and good conscience, but in no event less than one half of the sale price less purchase price for the sale of each work or art in the Partnership Artwork, all at the pricing listed on the Updated PJGA Website.

92.     Giusto has no adequate remedy at law.

93.     Giusto has been damaged as a result of Pape's unjust enrichment and will continue to be damaged and irreparably harmed unless this Court: (i) decrees that all of the Partnership Artwork constitute assets belonging in half to Giusto; (ii) enjoins Pape from selling, assigning, donating, or otherwise transferring in any way any rights whatsoever in any of the Partnership Artwork; (iii) orders Pape to provide Giusto a full and complete accounting of all of

the Partnership Artwork; (iv) orders Pape to recover any and all Partnership Artwork he may have sold, assigned, donated or otherwise transferred to any other person or entity whatsoever; and (v) orders Pape to return all of the Partnership Artwork to the possession of the Giusto for sale.

94.     Pape's unjust enrichment from the misappropriation and use of the Partnership assets, including without limitation the Partnership Artwork, has been willful and deliberate, and without regard for the rights or either Giusto or the Partnership, justifying the award of punitive damages.

## COUNT VIII – QUANTUM MERUIT

95.     Plaintiffs reallege and incorporate by reference all of the allegations of paragraphs 1-39 above, inclusive, as if set forth fully herein.

96.     Giusto performed a number of valuable and substantial services in the formation, funding, development and operation of the Partnership with Pape.

97.     Pape has received and continues to receive substantial benefit from Giusto's services by, *inter alia*, Pape's collaboration with Giusto in the identification and valuation of the Partnership Artwork, and in having the Partnership Artwork marketed and advertised through the Updated PJGA Website.

98.     By collectively locating, investigating, purchasing, advertising and arranging to resell the Partnership Artwork with Giusto, Pape entered into a contract-in-fact with Giusto in which Giusto was to receive one half of the sale price less purchase price for the sale of each work or art in the Partnership Artwork, all at the pricing listed on the Updated PJGA Website.

99.     However, Giusto has received no payment of any kind from Pape for any of his efforts under the contract-in-fact with Pape, and furthermore, Pape has asserted personal ownership over the Partnership Artwork, and Pape has asserted that he will not pay Giusto for any of his efforts even as Pape sells the Partnership Artwork.

100.    It is unjust for Pape to retain the past and ongoing benefits of Giusto's services without fully and adequately compensating Giusto.

101.    Giusto is therefore entitled to a monetary recovery from Pape for Giusto's services provided to Pape in an amount consistent with fundamental principles of justice, equity and good conscience, but in no event less than one half of the sale price less purchase price for the sale of each work or art in the Partnership Artwork, all at the pricing listed on the Updated PJGA Website.

102.    Giusto has no adequate remedy at law.

103.    Giusto has been damaged as a result of Pape's fraud and will continue to be damaged and irreparably harmed unless this Court: (i) decrees that all of the Partnership Artwork constitute assets belonging in half to Giusto; (ii) enjoins Pape from selling, assigning, donating, or otherwise transferring in any way any rights whatsoever in any of the Partnership Artwork; (iii) orders Pape to provide Giusto a full and complete accounting of all of the Partnership Artwork; (iv) orders Pape to recover any and all Partnership Artwork he may have sold, assigned, donated or otherwise transferred to any other person or entity whatsoever; and (v) orders Pape to return all of the Partnership Artwork to the possession of the Giusto for sale.

104.    Pape's refusal to honor his commitments to Giusto regarding the Partnership Artwork has been willful and deliberate, and without regard for Giusto's rights, justifying the award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Giusto and the Partnership pray that this Court enter its Order:

A.     Entering judgment against Pape and in favor of Giusto and the Partnership on all Counts in this Complaint; and

B.     Finding that Giusto and the Partnership have no adequate remedy at law; and

C.     Finding and decreeing that all of the Partnership Artwork constitute assets belonging to the Partnership; and

D.     Setting forth the following injunctive relief for Giusto and The Partnership:

1.     enjoining Pape from selling, assigning, donating, or otherwise transferring in any way any rights whatsoever in any of the Partnership Artwork; and

2.     directing Pape to provide Giusto and the Partnership a full and complete accounting of all of the Partnership assets, including without limitation all of the Partnership Artwork; and

3.     directing Pape to recover any and all Partnership Artwork he may have sold, assigned, donated or otherwise transferred to any other person or entity whatsoever; and

4.     directing Pape to return all of the Partnership Artwork to the possession of the Giusto on behalf of the Partnership; and

5.     timely dissolving the Partnership and setting forth instructions and schedule for winding up of the Partnership; and

6.     directing Pape to, within thirty (30) days after imposition of this Court's injunction, file with this Court and serve upon Pape and the Partnership a report under oath setting forth in detail the manner and form in which it

23

has complied with the Court's Order and injunction and winding up of the Partnership; and

E.      Awarding Giusto damages to be paid by Pape in an amount in an amount which will adequately and fully compensate Giusto for his losses, including all foreseeable and consequential damages arising there from, but in no event less than the sum total of one half the asking price as stated on the Updated PJGA Website for each work of art of the Partnership Artwork; and

F.      Awarding Giusto punitive damages sufficient to adequately discourage Pape from perpetrating such willful acts against others; and

G.      Awarding Giusto and the Partnership their costs and attorney's fees and expenses to the full extent provided by all applicable federal and state laws;

H.      Awarding Giusto and the Partnership pre-judgment interest, and where applicable post-judgment interest, on any and all monetary awards that are part of the judgment against Pape; and

I.      Award Giusto and the Partnership all such other and further relief the Court deems just and proper under the circumstances.


## JURY TRIAL DEMAND

In accordance with the Federal Rules of Civil Procedure, Plaintiffs, Philip Giusto and The Giusto-Pape Partnership hereby demand a jury trial.

Respectfully Submitted,

By: /s/Douglas D. Churovich
    Douglas D. Churovich
    Polster, Lieder, Woodruff & Lucchesi, L.C.
    12412 Powerscourt Drive, Suite 200
    St. Louis, Missouri 63131-3615
    (314) 238-2400
    (314) 238-2401 (Telefax)
    E-mail: dchurovich@PolsterLieder.com

ATTORNEYS FOR PLAINTIFFS

Attachments:
Exhibits A-N